BRYANT *v.* THE STATE on the relation of QUIGLEY.

A sheriff's return to a summons stated that he had served it by leaving a copy
at the defendant's "last place of residence." *Held*, that the return, under the
R. S. 1843, showed a sufficient service.

ERROR to the *Tippecanoe* Probate Court.

DAVISON, J.—Debt by the state on the relation of *Quigley* against *Bryant*, a surety upon an administrator's bond. The following is the return of the sheriff to the original process in the cause: "Served this writ on the within named *Absalom Bryant*, by leaving a copy at his last place of residence. *January* 23, 1852." *Bryant* having failed to appear, judgment was taken against him by default, and a jury was impanneled to assess the plaintiff's damages. Final judgment for the plaintiff.

The objection to these proceedings is, that the sheriff's return was not sufficient to authorize the default; that leaving a copy of the writ at *Bryant's* last place of residence was not good service.

This is a mistake. A statute in force when this suit was commenced, provides, that when a summons is issued, "it shall be served either personally on the defendant or by leaving a copy thereof at his usual or last place of residence." R. S. 1843, c. 40, s. 23. The return is in accordance with the statute.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Z. Baird*, for the plaintiff.

*J. Pettit* and *S. A. Huff*, for the state.